mother of the deceased were thought to be heirs within the meaning of this statute, but it was distinctly held that, since they had not been dependent upon their son, they had no right to recover any damages, and they were therefore without substantial interest in the action brought by the widow; and under these circumstances it was decided that their presence in or absence from the record was immaterial to the federal jurisdiction. The difference between that situation and the present one is that there the father and mother would have no real interest, as heirs, in the subject-matter, unless specific individual damage existed, while here all heirs, as heirs, are deeply interested in the question whether the will shall be sustained or set aside. True, they would not be bound by a judgment to which they were not parties, and in that sense they lack a formal interest in the action which has been brought; but their real interest in the controversy is very substantial.

These considerations fortify our conclusion that the Ohio statute made the bringing in of all the heirs one of the conditions which the state attached to its grant of the right to bring an action to set aside the will. It might well be thought intolerable to have the same will adjudged valid as against some heirs, invalid against others, and unsettled as against still others. Hence the provision that, if any heir wished to contest a prima facie probate, he might bring a suit, but upon the condition that he make parties all persons who could bring similar actions, and that he thus secure a judgment binding all. No such conditions seem inherent in the California situation. There would be some reason, in the interest of the defendant in such damage cases, for requiring all persons who might have claims to join in one action, but no such general public interest in order to avoid confusion of titles and an unsettled probate situation, as exists appertinent to the Ohio statute; and hence no such reason for concluding that the requirement is an essential condition rather than a procedural direction.

The rehearing is denied.

Samuel A. BLAIR, Plaintiff in Error, v. NORTHERN WOODLANDS, Limited, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. January 20, 1927.)

No. 165.

In Error to the District Court of the United States for the Southern District of New York.

Louis Rosenberg, of New York City, for plaintiff in error.

L. B. Case, of New York City, for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Judgment affirmed in open court.

2

Earl BLANCHARD, Plaintiff in Error, v. UNITED STATES, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. December 24, 1926.)

No. 119.

In Error to the District Court of the United States for the Northern District of New York.

Writ of error to judgment of conviction entered in the District Court for the Northern District of New York.

McMullen & Ward, of Schenectady, N. Y., for plaintiff in error.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. Judgment affirmed.

3

Frank K. BOWERS, Plaintiff in Error, v. CARL SCHOEN SILK CORPORATION, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 83.

In Error to the District Court of the United States for the Southern District of New York.

Writ of error to judgment entered in the District Court for the Southern District of New York.

Emory R. Buckner, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for plaintiff in error.

Gould & Wilkie, of New York City (R. L. von Bernuth and M. S. Lockhart, both of New York City, of counsel), for defendant in error.